United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Doug Longhini, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-23410-Civ-Scola |
| Pollo Operations, Inc. d/b/a Pollo Tropical 26 and Arka Investments Corporation, Defendants. | ) |

**Order on Defendants' Partial Motion To Dismiss**

Plaintiff Doug Longhini brings this suit under the Americans with Disabilities Act, 42 U.S.C. § 12181 et. seq. ("ADA"), alleging that he encountered architectural barriers at the Defendants' restaurant that denied him full and equal enjoyment of the goods and services offered by the Defendants. This matter is before the Court on Defendant Pollo Operations, Inc.'s ("Pollo Operations's") Partial Motion to Dismiss (ECF No. 12). Defendant Arka Investment Corporation has moved to join Pollo Operations's motion (ECF No. 13). The Court **grants** Defendant Arka Investment Corporation's motion to join the Partial Motion to Dismiss (**ECF No. 13**). For the reasons set forth below, the Court **grants in part and denies in part** the Partial Motion to Dismiss (**ECF No. 12**).

1. **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

### 2. Analysis

The Defendants first move to dismiss any violations of the ADA of which the Plaintiff did not have notice at the time he filed the Complaint. (Mot. to Dismiss 5-6.) Although the Complaint specifically identifies numerous architectural barriers that the Plaintiff encountered at the Defendants' restaurant, the Complaint states that the list of barriers is "not an exclusive list," and requests to inspect the restaurant to discover "barriers to access that were concealed . . . ." (Compl. ¶ 23, ECF No. 1.) Courts within this district have held that a plaintiff must have actual knowledge of alleged violations of the ADA at the time a complaint is filed. *Brother v. CPL Invs., Inc.*, 317 F.Supp.2d 1358, 1368 (S.D. Fla. 2004) (Martinez, J.) (citations omitted) ("Plaintiffs do not have standing to complain about alleged barriers which they were unaware of at the filing of their complaint."); *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F.Supp.2d 1357, 1366 (S.D. Fla. 2001) (Moore, J.); *Fox v. Morris Jupiter Assoc.'s*, No. 05-80689, 2007 WL 2819522, at *6 (S.D. Fla. Sept. 25, 2007) (Marra, J.) (citing *Access Now, Inc.*, 161 F.Supp.2d at 1365; *Barberi v. Tara Chand, et. al.*, Case No. 17-21393, D.E. 14 (June 28, 2017) (Gayles, J.) (noting that the plaintiff "may not base his claims on unknown or undiscovered violations."). Therefore, the Court grants the Defendants' motion to dismiss those portions of the Complaint that seek redress for violations of which the Plaintiff was unaware at the time he filed the Complaint.

The Defendants next move to dismiss alleged violations that do not relate to the Plaintiff's disability and/or did not actually injure him. (Mot. 6-8.) It is well-settled that a plaintiff does not have standing to assert a claim for an alleged ADA violation not related to the plaintiff's disability. *Brother*, 317 F.Supp.2d at 1368 (citations omitted). It is also well-settled that a plaintiff must have suffered an injury-in-fact in order to have standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). The Complaint explains how the majority of the alleged barriers prevented the Plaintiff from fully and equally enjoying the Defendants' restaurant. For example, the Complaint alleges that the Plaintiff "could not utilize the tables for

their intended use as the tables did not provide the required knee clearance." (Compl. ¶ 22C(2).)

However, the Defendants specifically identify two allegations that they argue do not relate to the Plaintiff's disability and/or did not injure the Plaintiff. This first is an allegation that "signage at some of the designated accessible parking spaces are not compliant." (*Id.* ¶ 22A(1).) The Defendants argue that since the Plaintiff has not alleged any problems with his eyesight, he cannot have standing to pursue a claim related to deficient signage. (Mot. 6.) The Defendants appear to misunderstand the nature of the alleged violation. The regulations cited in the Complaint require that accessible parking spaces be designated as reserved, and set forth specific requirements for such signage. ADA Accessibility Guidelines 4.6.4. This is presumably not intended to be an accommodation for individuals who are visually impaired, but rather an accommodation for all disabled individuals so that they are able to clearly identify which parking spaces are accessible. Therefore, the Court denies the Defendants' motion to dismiss this allegation. The second allegation is that "[t]he facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals . . . ." (*Id.* ¶ 22A(1), 22C(1).) The Court grants the Defendants' motion to dismiss this allegation because it does not actually identify any failure by the Defendants to reasonably accommodate the Plaintiff's disability.

Finally, the Defendants argue that, although the Complaint purports to be brought on behalf of the Plaintiff and "all other similarly situated mobility-impaired individuals," the Plaintiff has failed to plead a basis for bringing a class action. (Mot. 9-10.) The Plaintiff's response to the Motion to Dismiss asserts that he never intended this case to be a class action. (Resp. 16.) Therefore, the issue is moot.

### 3. Conclusion

Accordingly, the Court **grants in part and denies in part** the Defendants' Partial Motion to Dismiss (**ECF No. 12**). The Court **dismisses without prejudice** those portions of the Complaint that seek redress for violations of the ADA that were unknown or undiscovered at the time the Complaint was filed, and the Plaintiff's allegation that "[t]he facility fails to make reasonable accommodations in policies, practices and procedures" (Compl. ¶ 22C(1)). However, the Court declines to dismiss the Plaintiff's allegation that "signage at some of the designated accessible parking spaces are not compliant." (*Id.* ¶ 22A(1).)

**Done and ordered**, Miami, Florida, on November 20, 2017.

_____
Robert N. Scola, Jr.
United States District Judge